IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TINA MURPHY and ROSILYN JACKSON, Individually and On Behalf of All Others, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:20-CV-1483-K |
| STEVENS TRANSPORT, INC., | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

The parties filed: (1) a Joint Motion for Leave to File Settlement Agreement Under Seal (Doc. No. 13) and (2) a Joint Motion for Court Approval of Settlement (Doc. No. 14). The Court has considered both motions as well as the applicable law relevant to each motion. For the following reasons, the Court **DENIES** the motion for leave to file the settlement agreement under seal and **orders** the parties to file a joint status report within 14 days advising the Court whether the parties continue to seek approval of the settlement agreement, with the understanding that the settlement agreement will be approved, but it will be unsealed.

ORDER – PAGE 1

I.      Background

On June 9, 2020, Plaintiffs Tina Murphy and Rosilyn Jackson filed their Original Complaint (Doc. No. 1) on their own behalf and on behalf of all others similarly situated, alleging one claim against Defendant Stevens Transport, Inc. ("Defendant") for violation of the Fair Labor Standards Act ("FLSA").  Both Plaintiffs Murphy and Jackson worked as Customer Service Representatives for Defendant—Plaintiff Murphy was employed from May 2018 to April 2020 and Plaintiff Jackson was employed from January 2018 to May 2020.  Plaintiffs Murphy and Jackson allege that Defendant failed to pay them and other similarly situated Customer Service Representatives for hours worked in excess of 40 hours in a workweek at a rate of one-and-one-half times their regular rate of pay.  The Court twice extended Defendant's deadline to respond to Plaintiffs' Complaint.  Before the second responsive deadline ran, the parties filed the joint motions that are currently before the Court.

II.     Motion for Leave to File Settlement Agreement Under Seal

"[T]here is a strong presumption in favor of keeping the settlement agreements in FLSA wage-settlement cases unsealed and available for public review.  The public's interest in accessing the settlement agreement, including the settlement amount, often outweighs any interest in confidentiality." *Parrish v. Defender Sec. Co.*, Civ. Action No. 3:10-CV-2604-D, 2013 WL 372940, at *1 (N.D. Tex. Jan. 31, 2013)(Fitzwater, C.J.)

(quoting *Rodriguez v. El Polio Regio, Inc.*, Civ. Action No. 3:11-CV-2276-D, 2012 WL 5506130, at *1 (N.D. Tex. Feb. 23, 2012)(Fitzwater, C.J.)); *see Davis v. Capital One Home Loans, LLC*, Civ. Action No. 3:17-CV-3236-G, 2020 WL 2573493, at *2 (N.D. Tex. May 20, 2020)(Fish, S.J.). "The overwhelming consensus of district courts that have considered the issue hold that an FLSA settlement cannot be sealed absent some showing that overcomes the presumption of public access." *Parrish*, 2013 WL 372940, at *1 (internal citation omitted). "Sealing FLSA settlements from public scrutiny could thwart the public's independent interest in assuring that employees' wages are fair. Absent an extraordinary reason, the court cannot seal such records." *Id.* (internal citation omitted).

In support of their motion for leave to file the agreement under seal, the parties submit only that "[t]he terms of the Settlement Agreement are confidential. In order to prevent disclosure of this confidential information, the Parties respectfully request leave to file the Settlement Agreement under seal." The Court finds that this motivation falls well-short of offering an "extraordinary reason" to "overcome[ ] the presumption of public access." *Id.* Indeed, this reason appears to be nothing more than "a business's general interest in keeping its legal proceedings private" and thus insufficient to permit the Court to seal this Settlement Agreement. *See Davis*, 2020

WL 2573493, at *2; *Parrish*, 2013 WL 372940, at *1.  Accordingly, the Court **denies** the parties' Motion for Leave to File the Settlement Agreement Under Seal.

### III.    Motion for Court Approval of Settlement

The parties also move the Court to approve their Settlement Agreement and dismiss this case with prejudice.  Having reviewed the Complaint, the motion, and the Settlement Agreement, the Court is willing to grant the motion and dismiss the case, finding that the Settlement Agreement appears to resolve a bona fide dispute over FLSA provisions between the parties, and that the Settlement Agreement is neither unfair nor unreasonable.  *See Davis*, 2020 WL 2573493, at *2 (citing *Diaz v Panhandle Maintenance, LLC*, Civ. Action No. 2:18-CV-097-Z, 2020 WL 587644, at *2 (N.D. Tex. Feb. 6, 2020)(Kacsmaryk, J.)).  However, the parties specifically represent in their motion that they "seek to maintain confidentiality as to the terms of the Settlement Agreement" and the Settlement Agreement includes a provision related to "Mutual Confidentiality Regarding Settlement Amount".  Therefore, within fourteen days from the date of this Memorandum Opinion and Order, the Court **orders** the parties to advise the Court in writing whether they wish to continue seeking the Court's approval of their Settlement Agreement with the understanding that the Settlement Agreement will be approved but the Settlement Agreement will be unsealed.  The Settlement

ORDER – PAGE 4

...

Agreement will remain under seal until the Court receives and acts upon the parties' written response.

### IV.  Conclusion

The Court **denies** the parties' Joint Motion for Leave to File Settlement Agreement Under Seal.  Furthermore, the Court **orders** the parties to submit a written response **within fourteen days** from this same date as to whether they continue to seek the Court's approval of the Settlement Agreement.

**SO ORDERED.**

Signed October 7th, 2020.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE